NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000231
08-APR-2020
08:01 AM**

NO. CAAP-17-0000231

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-6, Plaintiff-Appellee, v. TEODY SIMON CARIAGA; JULIETA ROSAL CARIAGA; GLICERIA ROSAL TOLENTINO; SANTIAGO AGRON TOLENTINO, Defendants-Appellants, and MAUI ELECTRIC COMPANY, LIMITED; VIVINT SOLAR, INC., Defendants-Appellees, and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0272)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Chan and Wadsworth, JJ.)

Defendants-Appellants Julieta Rosal Cariaga, Gliceria Rosal Tolentino, and Santiago Agron Tolentino (collectively **Appellants**), pro se, appeal from the (1) "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure Against All Parties Filed September 13, 2016," and (2) Judgment, both entered on March 1, 2017, by the Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series

---

[1]     The Honorable Peter T. Cahill presided.

2005-6 (**USBNA**), and against Appellants.

Appellants contend that the Circuit Court erred in granting USBNA's motion for summary judgment (**MSJ**), because, among other things, USBNA: (1) "does not hold any mortgage or note and . . . [was not] entitled to judgment as a matter of law"; and (2) "did not have standing to file an action[.]"[2]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Appellants' contentions as follows and vacate and remand.

In Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), the Hawaiʻi Supreme Court held that to establish the right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject promissory note, at the time the action was commenced. Id. at 367-71, 390 P.3d at 1254-58. The "foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'" Id. at 367, 390 P.3d at 1254 (quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further noted that "a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless the plaintiff was entitled to enforce the note that has been defaulted on." Id. at 368, 390 P.3d at 1255 (citing Hanalei, BRC Inc. v. Porter,

---

[2]    Appellants' points of error have been restyled and condensed for clarity. We note that Appellants' opening and reply briefs do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in material respects. However:

> [T]he Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dep't, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). Moreover, Hawaiʻi appellate courts generally are more forgiving of technical flaws in pro se parties' briefs. See, e.g., Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

State v. Cormier, No. CAAP-13-0004623, 2015 WL 6126948, at *1 n.3 (Haw. App. Oct. 16, 2015). USBNA points out Appellants' failure to comply with HRAP Rule 28, but does not contend that it suffered any resulting prejudice. We therefore address Appellants' discernible argument.

7 Haw. App. 304, 310, 760 P.2d 676, 680 (1988)).

Here, the Circuit Court granted USBNA's MSJ and entered a decree of foreclosure based in part on two documents submitted with the MSJ: (1) a Declaration of Indebtedness (**Declaration**) by Vanna D. Tipton (**Tipton**), an employee of Wells Fargo Bank, N.A. (**Wells Fargo**), as servicing agent for USBNA, executed on July 22, 2016; and (2) the subject promissory note (**Note**). The Declaration states, among other things, that Tipton is "familiar with and regularly access[es] business records maintained by Wells Fargo," and based on her review of those records, USBNA "is in possession" of the Note, which "includes an Allonge [e]ndorsed in blank." The Note, attached to the Declaration as an exhibit, does indeed appear to be endorsed in blank.

USBNA did not, however, present evidence to establish its entitlement to enforce the Note at the time the foreclosure action was commenced. On April 24, 2014, USBNA filed a Complaint for Foreclosure (**Complaint**), which states that USBNA "is the holder of the Note and record assignee of the Mortgage." The Note was not attached to the Complaint, and there is no evidence in the record that USBNA held the Note at the time the Complaint was filed. The Declaration and the Note itself, like their counterparts in Reyes-Toledo, did not establish that fact. See id. at 370, 390 P.3d at 1257. Similarly, the September 12, 2016 "Attorney Affirmation," which was submitted by USBNA's then-counsel with the MSJ, also failed to establish that USBNA held the Note when the Complaint was filed.

Absent evidence in the record that USBNA held the Note when the Complaint was filed, there is a genuine issue as to whether USBNA was entitled to foreclose at that time. See Reyes-Toledo, 139 Hawai'i at 371, 390 P.3d at 1258. Accordingly, USBNA failed to satisfy its burden of demonstrating that it was entitled to judgment as a matter of law, and the Circuit Court erred in granting USBNA's MSJ. See id.

We therefore vacate the (1) "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure Against All Parties Filed September 13, 2016," and (2) Judgment, both entered

on March 1, 2017, by the Circuit Court of the Second Circuit. The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:   Honolulu, Hawai'i, April 8, 2020.


On the briefs:

Julieta Rosal Cariaga,
Gliceria Rosal Tolentino, and
Santiago Agron Tolentino,
Pro Se Defendants-Appellants.

Edmund K. Saffery and
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
Stifel)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4